IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 APR -4 PM 2:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRENA SCRUGGS,                )
                                )
    PLAINTIFF,                  )
                                )
VS.                             )    CV-01-H-2290-NE
                                )
MADISON COUNTY, ALABAMA; et al.,)
                                )
    DEFENDANTS.                 )

ENTERED
APR - 4 2002

## MEMORANDUM OF DECISION

On September 10, 2001 plaintiff invoked this court's original jurisdiction to pursue a claim against a variety of defendants under 42 U.S.C. § 1983. Essentially the claim is for deliberate indifference to her serious medical needs while incarcerated as a detainee in the Madison County Jail beginning June 23, 1999. The serious medical needs are alleged to relate to complications associated with her pregnancy. She charges (paragraph 18 of the complaint) that despite her repeated requests between June 23, 1999 and September 10, 1999 for medical help associated with such complications, defendants failed to permit her to see a doctor. She further charges (paragraph 19 of the complaint) that during such time period she complained both orally and in writing regarding her grave medical condition which defendant knew or should have known of, and that defendants showed complete indifference to her serious and grave medical condition. She also charges that she was not permitted to see a

doctor until after she suffered a miscarriage on September 10, 1999, at which time she was taken to the emergency room of Huntsville Hospital (paragraphs 13, 14, 15 and 18 of the complaint).

The court has before it the January 28, 2002 motion of Madison County and Robin Downing, in her individual capacity, who are the only remaining defendants,[1] to dismiss plaintiff's § 1983 claim against them because the complaint shows on its face that the § 1983 claim is barred by the relevant two year statute of limitations. The court also has before it the legal authorities and arguments of Madison County and Robin Downing set out in their January 28, 2002 motion to dismiss, the brief of plaintiff filed February 19, 2002 in opposition to the motion, and the March 1, 2002 reply of defendants to plaintiff's brief.[2] The motion to dismiss is under submission.

Defendants argue that plaintiff's § 1983 claim arose, as alleged in the complaint, well before September 10, 1999 and that the complaint shows on its face that her § 1983 claim is barred by the relevant two year statute of limitations. In opposition

---

[1] On February 5, 2002 the court dismissed all claims against certain defendants, leaving only (1) the § 1983 claim against Madison County and against Robin Downing (referred to in such order as "Downey" as that was the way plaintiff's complaint spelled her name) in her individual capacity, and (2) the separate pendant state law claims hereinafter discussed against those same two defendants.

[2] The court also is aware that plaintiff filed on February 28, 2002 an amendment to the complaint, but the modifications to the complaint thereby made are not relevant to the issues raised by the motion to dismiss. The court views the motion to dismiss as addressed to the complaint, as amended.

2

to the motion plaintiff argues that the period of time within which her suit could be commenced was extended ninety days because Alabama Code § 11-12-8 required her to present a claim against the county within twelve months after the claim accrued, and Alabama Code § 6-5-20 prevented her from commencing an action until the claim had been presented.[3] She points out that the two statutes have been construed by the Alabama Supreme Court as effectively extending the statute of limitations for ninety days. See <u>Jones v. Lee County Commission</u>, 394 So.2d 928 (Ala. 1981); <u>Johnson v. Macon County</u>, 447 So.2d 157 (Ala. 1984). The problem with such argument is that § 11-12-8 and § 6-5-20 have no application to plaintiff's lawsuit against the individual defendant, Downing, and also have no application to plaintiff's § 1983 claim against Madison County. See <u>Felder v. Casey</u>, 47 U.S. 131 (1988); <u>Ford v. Jefferson County</u>, 774 So. 2d. 600 (Ala. 2000).[4] As a fallback argument plaintiff argues that since she did not suffer the miscarriage until September 10, 1999, the deprivation of her 8th Amendment right occurred then, and therefore the commencement of this action on September 10, 2001

---

[3] Section 6-5-20 treats any failure of the county to disallow the claim within ninety days after it has been presented as a disallowance.

[4] The court is aware that the one year statute of limitations involved in <u>Jones</u> and <u>Johnson</u> was changed to two years and is the two year statute relevant to this action. The court is also aware that defendants make a strong argument that <u>Jones</u> and <u>Johnson</u> have no application to the new two year statute of limitation. While that issue is of significant importance to the pendant state law claims later discussed, it is not relevant to the § 1983 claim because of <u>Felder</u> and <u>Ford</u>.

was timely. The court disagrees with her argument that the activity which took place on September 10, 1999 created a § 1983 claim separate and distinct from the § 1983 claim otherwise alleged in the complaint. The complaint alleges a deprivation throughout the period June 23, 1999 to September 10, 1999, all related to the same serious medical need. If the deprivation did not occur prior to September 10, 1999, the complaint shows on its face that defendants responded to any medical needs arising on September 10, 1999 by taking plaintiff to Huntsville Hospital.

For the reasons set forth above, the plaintiff's § 1983 claim against Madison County and against Downing in her individual capacity are barred by the relevant two year statute of limitations. The court sees no need to address the very serious additional issue defendants present associated with the failure of plaintiff to obtain service of process on any defendant for almost four full months after the complaint was filed in this court.[5]

The complaint herein also includes state law claims of outrage and negligence against Madison County and Downing over which claims this court has supplemental jurisdiction under 28 U.S.C. § 1367. Those claims as asserted against Madison County raise a novel or complex issue of state law associated with the continuing viability of the ninety-day extension of the statute of limitations with regard to a claim against a county

---

[5] The court observes that the overwhelming majority of defendants to be served were public entities or well-known public officials whose location for service created no problem.

4

since the purpose for such extension may have been eliminated with the change of the relevant statute of limitations from a one year limitation to a two year limitation. See § 1367(c)(1). Further, as of this day, the court has dismissed all claims over which it has original jurisdiction. See § 1367(c)(1).

Accordingly, pursuant to 28 U.S.C. § 1367(c) the court expressly declines to exercise supplemental jurisdiction over the state law claims against Madison County and against Downing and those claims will be dismissed.

An appropriate final judgment will be entered.

DONE this  4th  day of April, 2002.

James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE